# 25-0084

To Be Argued By:
ROYCE L. CORLEY

# United States Court of Appeals

for the Second Circuit

ROYCE CORLEY a/k/a/ " Yisrael Ben Yahudah" and
D.B.Y., a deceased minor child, et al.,
Plaintiff-Appellants,

-against-

RANTAB ENTERPRISES INCORPORATED, et al.,
Defendant-Appellees.

On Appeal from the United States District Court
for the Southern District of New York

Royce L. Corley, pro se
Corley Integrated Paralegal Services
1207 Delaware Avenue, Suite 1619
Wilmington, DE 19806
(212) 347-5020
corley.paralegal@gmail.com

**PRO SE**

# TABLE OF CONTENTS

Table of Authorities Cited .................................................. 3

Jurisdictional Statement .................................................... 4

Issues Presented for Review ................................................. 4

Statement of Case ........................................................... 4

Summary of Argument ......................................................... 6

## ARGUMENTS

    A.    STANDARD OF REVIEW .................................................. 7

    B.    STATUTE OF LIMITATIONS DEFENSE ..................................... 7

    C.    REPRESENTATION FOR ESTATE OF DECEASED MINOR ........................ 9

    D.    DIVERSITY OF CITIZENSHIP AND SUPPLEMENTAL JURISDICTION ............. 9

Conclusion ................................................................. 10

Certificate of Compliance with FRAP 32(a)(7)(C) ............................ 11

Certificate of Service ..................................................... 11

# TABLE OF AUTHORITIES CITED

## Constitution, Statutes, Regulations and Rules

4 U.S.C. § 4 .................................................................... 9
28 U.S.C. § 1291 ................................................................ 4
28 U.S.C. § 1915(e)(1) .......................................................... 9
28 U.S.C. §§ 1332(a)(1), 1367(a) ................................................ 9
The Holy Bible (King James Version) ............................................. 9
    Genesis 3:16, Numbers 30:1-16

## Cases
### (in alphabetical order)

Carmona v. U.S. Bureau of Prisons, ............................................. 9
    243 F.3d 629, 632 (2d Cir. 2001)

Doe v. United States, ........................................................ 7-8
    76 F.4th 64, 70-71 (2d Cir. 2023)

DeSuze v. Ammon, ............................................................... 7
    990 F.3d 264, 268 (2d Cir. 2021)

Evelyn v. Rantab., ........................................................ Passim
    24 Civ. 528 (MMG)(S.D.N.Y.)

Guest v. Hansen, ............................................................... 9
    603 F. 3d 15, 21 (2d Cir. 2010)

Johnston v. Maha, .............................................................. 9
    606 F.3d 39, 41 (2d Cir. 2010)

Mallet v. NYS Dep't of Corrs. & Cmty., ......................................... 7
    126 F. 4th 125, 131 (2d Cir. 2025)

McEachin v. McGuinnis, ......................................................... 8
    357 F. 3d 197, 200 (2d Cir. 2004)

People v. Ruggles, ............................................................. 9
    8 Johns. 290 (1811)(N.Y.)

Puglisi v. United States, ...................................................... 8
    586 F. 3d 209, 213 (2d Cir. 2009)

Sunvestment Energy Grp. v. Nat'l Grid USA Servs. Co., .......................... 7
    116 F.4th 106, 113 (2d Cir. 2024)

Zappia Middle East Const. v. Emirate of Abu Dhabi, ............................. 7
    215 F. 3d 247, 253 (2d Cir. 2000)

## JURISDICTIONAL STATEMENT

Appellant ROYCE CORLEY a/k/a "Yisrael ben Yahudah" and D.B.Y., a deceased minor child, acting pro se, appeals from the judgment filed on January 6, 2025 (Dkt. #64-65), following a decision in the United States District Court for the Southern District of New York in the matter of Evelyn, et al. v. Rantab Enterprises Incorporated, et al., Case No. 24 Civ. 528 (Garnett, District Judge).

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 (authorizing jurisdiction over appeals from final orders of district courts), from which a notice of appeal was timely filed on January 6, 2025 (Dkt. #66).

## ISSUES PRESENTED FOR REVIEW

I. Whether the district court erred by dismissing the Complaint due to statute of limitations?

II. Whether the district court erred by dismissing the claims for the estate of the deceased minor and preventing the parents from representing her estate pro se and/or abused its discretion by denying motion to appoint pro bono counsel for the estate of deceased minor?

III. Whether the district court erred by refusing to exercise diversity of citizenship and abused its discretion by not exercising supplemental jurisdiction?

## STATEMENT OF CASE

1. On the evening of January 22, 2021, co-Plaintiff Rochelle Evelyn drank a beverage advertised as "Palm Juice" which was sold by Rantab Enterprises Incorporated. The beverage labelling failed to warn that the product contained alcohol and was harmful to pregnant women (see Dkt. #1, Civil Complaint, hereinafter "Comp.," Paragraphs 5 through 14).

2. On the afternoon of January 23, 2021, Ms. Evelyn went to the hospital owned by Defendant Mount Sinai Morningside due to a miscarriage and the loss of the deceased minor child D.B.Y. due to consuming this negligently labeled "Palm Juice" (Comp., Para. 15-16).

3. Later that evening Plaintiffs Royce Corley and Rochelle Evelyn were detained in the hospital over 6-8 hours for refusing to give the body of D.B.Y. to medical staff and refusing further medical treatment due to their religious beliefs as "Hebrew Israelites." Defendants Anjali Singh, M.D., Christina Liu, M.D. and Jane Doe relied upon an unknown "New York State Law" and the help of NYPD Officer #1 and NYPD Office #2 to enforce this unlawful imprisonment (Comp., Para. 17-25).

4

4. On January 23, 2024 before 11:50 PM, Plaintiffs filed a Civil Rights Complaint via e-mail with the Temporary Pro Se Filing NYSD <pro_se_filing@nysd.uscourts.gov> alleging violations of the U.S. Constitution for Unlawful Imprisonment (Count 1) and Infringement of Religious Rights (Count 2) pursuant to 42 U.S.C. § 1983 and for violations of New York Law for Product, Vicarious and General Liability (Count 3) and Negligent Infliction of Emotional Distress (Count 4)(see Dkt. #53, Certified Response to the Statute of Limitations Defense, "Cert. Resp.," Page 2).

5. On January 24, 2024 at 12:17 AM, Plaintiffs filed a Corrected Civil Rights Complaint via e-mail with the Pro Se Filing NYSD to fix a clerical error with the "Jury Demand" checkboxes. Id.

6. On February 6, 2024, Plaintiffs filed a letter with the Court Clerk to address clerical errors with the complaint and parties missing from the docket (see Dkt. #6, Clerical Errors).

7. On February 23, 2024, the District Court issued an Order of Service removing Plaintiff D.B.Y. and added Plaintiff Estate of D.B.Y. instead. The District Court also denied the Plaintiff's right to proceed pro se on behalf of the Estate of D.B.Y. (see Dkt. #8, Order of Service, Page 3-4).

8. On July 4, 2024, Plaintiff filed a Pre-Trial Omnibus Motion addressing: (a) the absence of Plaintiff Rochelle Evelyn, (b) providing additional information for the pending Valentin Orders, (c) the failure to serve Defendants Christina Liu, M.D. and Rantab Enterprises Incorporated and (d) the assignment of counsel for the Estate of D.B.Y. (see Dkt. #33, Plaintiff's Pre-Trial Omnibus Motion).

9. On July 25, 2024 and August 26, 2024, Defendants moved to dismiss the Civil Rights Complaint for various reasons (see Dkt. #38 and #46, Motions to Dismiss).

10. On August 5, 2024, the District Court issued an order arbitrarily denying the Plaintiff's Pre-Trial Omnibus Motion as "as either frivolous, not ripe, or moot" (see Dkt. #42, Order of Denial).

11. On August 28, 2024, the District Court dismissed all claims against Plaintiff Evelyn and ordered Plaintiff Corley to file a response that "shall be STRICTLY LIMITED to addressing the statute of limitations defense raised by Defendants in both motions" (see Dkt. #48, Order of Termination).

12. On October 18, 2024, Plaintiff Corley filed a Certified Response to the Statute of Limitations Defense (see Dkt. #53, Cert. Resp.).

13. On November 4th and 8th, 2024, respectively, Defendants filed memorandums in support of their motions to dismiss. In particular the Mount Sinai Morningside Defendants included medical records of Plaintiff Evelyn ("Exhibit B") in support of their position that the complaint was filed late (see Dkt. #59-60, Reply Memorandums of Law).

14. On November 13, 2024, Plaintiff Corley filed a letter requesting opportunity to "obtain records that contradict those presented by the Defense." The District Court immediately denied this motion preventing any further evidence to be presented (see Dkt. #62-63, Order of Prohibition).

15. On January 6, 2025, the District Court granted the motions to dismiss and dismissed Counts I, II and IV with prejudice and Count III "without prejudice to Plaintiff Corley bringing the dispute in the appropriate state court" (see Dkt. #64-65, Order of Dismissal). Immediately, Plaintiff Corley filed a Notice of Appeal and this timely appeal follows (see Dkt. #66, Notice of Appeal).

## SUMMARY OF ARGUMENT

I. The District Court erred by dismissing the Complaint due to statute of limitations for four (4) reasons: (a) Claims did not accrue until January 24, 2024, (b) Complaint was timely filed on January 23, 2024 with the Pro Se Intake Unit, (c) Equitable Tolling applies to the circumstances of this case, and (d) Plaintiff was denied a hearing or opportunity to challenge evidence presented by the Defense;

II. The District Court erred by dismissing the claims for the Estate of D.B.Y. because: (a) both parents originally appeared in the case and were the only beneficiaries of her estate, (b) Second Circuit precedent permits Plaintiff as the sole remaining beneficiary to represent her estate pro se, (c) Common laws of the Federal and New York State Governments permits a man subject to Biblical laws to represent his wives and children before any tribunal pro nobis and (d) alternatively, the District Court abused its discretion by not appointing pro bono counsel to represent the Estate of D.B.Y.

III. The District Court erred by not exercising Diversity of Citizenship over Count 3 because all opposing parties were from diverse states and the matter in controversy totaled over $75,000 and abused its discretion for not exercising Supplemental Jurisdiction because equity demanded.

## ARGUMENTS

### A. STANDARD OR REVIEW

"We review de novo a district court's grant of a motion to dismiss, including its legal interpretation and application of a statute of limitations. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Mallet v. NYS Dep't of Corrs. & Cmty., 126 F. 4th 125, 131 (2d Cir. 2025)(internal citations and marks omitted). The operative standard of review for equitable tolling determinations depends on "what aspect of the lower court's decision is challenged: a legal conclusion, a factual finding, or an exercise of discretion." Doe v. United States, 76 F.4th 64, 70 (2d Cir. 2023) (internal quotation marks and citation omitted). "[W]e review the legal premises for [the district court's] conclusion de novo, the factual bases for clear error, and the ultimate decision [to deny equitable tolling] for abuse of discretion." DeSuze v. Ammon, 990 F.3d 264, 268 (2d Cir. 2021). "The district court's denial of an evidentiary hearing is subject to an abuse of discretion standard of review" Zappia Middle East Const. v. Emirate of Abu Dhabi, 215 F. 3d 247, 253 (2d Cir. 2000).

"In reviewing a district court's dismissal for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), this Court reviews factual findings for clear error and legal conclusions de novo. In so doing, we accept the complaint's material allegations as true, and we draw all reasonable inferences in the plaintiffs' favor." Sunvestment Energy Grp. v. Nat'l Grid USA Servs. Co., 116 F.4th 106, 113 (2d Cir. 2024)(internal citations and marks omitted).

### B. STATUTE OF LIMITATIONS DEFENSE

The District Court rejected the Plaintiff's assertion that the complaint was filed on January 23, 2024 because the "email [from the Pro Se Intake Unit] contains no mention of a complaint having been submitted, let alone the complaint in this action ... [t]hus, the evidence before the Court unambiguously demonstrates that Plaintiff filed his Complaint on January 24, 2024, and not on January 23, 2024. Because Plaintiff brought his section 1983 and 1985 claims more than three years after they accrued, they are time barred and must be dismissed." Order of Dismissal, Page 4-5. However, this ruling is grossly incorrect because the email in question clearly states what was filed in bold print: "**Automatic reply: Civil Complaint - Yisrael v. Rantab, et al.**" (see Cert. Resp., Exhibit A). Therefore, the District Court clearly erred in its assessment of when and how the Civil Complaint was filed.

7

Likewise, the District Court erred by rejecting Plaintiff's evidence the claims did not accrue until after January 23, 2021, because Plaintiffs were not released from unlawful imprisonment until January 24, 2021. The District Court relied on "Mount Sinai medical records showing discharge of Plaintiffs on January 23, 2021" around 7PM (Order of Dismissal, Page 4 citing Dkt. No. 59, Exhibit B, Page 1). However, this record alone cannot conclusively show that Plaintiffs were released from custody at or around the time discharge papers were signed. Upon Plaintiff Corley's recollection those papers were signed approximately around the time that Plaintiff Evelyn refused further medical treatment, but not after Plaintiff's were continuously held against their will for exercising their religious and medical rights. Plaintiff asserted that they arrived at the hospital after 5pm and "estimates that everyone was detailed for approximately six to eight (6-8) hours" (Cert. Resp. 1). When Plaintiff sought to bring forth additional evidence to dispute the date and time of discharge, the District Court denied that request stating "Plaintiff Corley is **PROHIBITED** from filing supplemental information at this time" (Order of Denial). Given disputed facts regarding any definitive evidence of Plaintiff's exact release date and time, the District Court abused its discretion for not granting discovery or an evidentiary hearing to resolve this matter.

> "The procedure for determining whether a hearing is necessary is in part analogous to, but in part different from, a summary judgment proceeding. The petitioner's motion sets forth his or her legal and factual claims, accompanied by relevant exhibits: e.g., an affidavit from the petitioner or others asserting relevant facts within their personal knowledge and/or identifying other sources of relevant evidence. ... The court then determines whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a prima facie case for relief. If material facts are in dispute, a hearing should usually be held, and relevant findings of facts made." Puglisi v. United States, 586 F. 3d 209, 213 (2d Cir. 2009).

Assuming *arguendo* that the claims accrued on January 23, 2021 and the Civil Complaint was not filed until January 24, 2024 at 12:17 AM (approximately 17 minutes late), "[e]quitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity. ... Granting equitable tolling is a discretionary exercise of a court's equity powers." Doe v. United States, at 71 (internal marks and citations omitted). Here Plaintiff asserts diligence in attempting to file the Complaint on January 23, 2021 for which a clerical error causes him to file a correction to the complaint less than 30 minutes later. For *pro se* complaints a "court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." McEachin v. McGuinnis, 357 F. 3d 197, 200 (2d Cir. 2004).

8

## C.   REPRESENTATION FOR ESTATE OF DECEASED MINOR

The District Court erred when it dismissed the claims by the Estate of D.B.Y. and prevented the parent Plaintiff from representing the estate of his own child. Specifically because Plaintiff's Corley and Evelyn were the sole beneficiaries of the Estate of D.B.Y. and now specifically since Plaintiff Evelyn was dismissed from the case, Plaintiff Corley by precedent has the right to represent the Estate of D.B.Y. pro se given he remains the sole beneficiary. See e.g., Guest v. Hansen, 603 F. 3d 15, 21 (2d Cir. 2010)("We hold that the administrator and sole beneficiary of an estate with no creditors may appear pro se on behalf of the estate. ... Accordingly, pro se representation is consistent with our jurisprudence both on the right to self-representation and on the prohibition of appearances by non-attorneys on behalf of others"). Furthermore, Plaintiff Corley as a Hebrew Israelite man subject to the laws of the Holy Bible (King James Version), has full authority under Federal and New York State common law to represent the interests of his wives and children in a legal proceeding. See e.g., Genesis 3:16 ("Unto the woman he said, ... thy desire shall be to thy husband, and he shall rule over thee"); Numbers 30:1-16 (Laws restricting Hebrew Israelite women and daughters from making vows or oaths without their husband's or father's authority); Pledge of Allegiance at 4 U.S. Code § 4 ("one Nation under God"); People v. Ruggles, 8 Johns. 290 (1811)(N.Y.)(ruling that Biblical laws are incorporated into New York State common law); et cetera.

Alternatively, the District Court ignored the Plaintiff's request for the assignment of pro bono counsel to represent the Estate of D.B.Y. and such relief would have been proper under 28 U.S.C. § 1915(e)(1)("The court may request an attorney to represent any person unable to afford counsel"). See e.g., Johnston v. Maha, 606 F.3d 39, 41 (2d Cir. 2010) and Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

## D.   DIVERSITY OF CITIZENSHIP AND SUPPLEMENTAL JURISDICTION

Finally the District Court erred by not exercising both Diversity of Citizenship and Supplement Jurisdiction pursuant to over Count III because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—citizens of different States" 28 U.S. Code §§ 1332(a)(1) and 1367(a)("they form part of the same case or controversy under Article III of the United States Constitution"), respectively.

9

## CONCLUSION

**WHEREFORE** the Appellants ROYCE CORLEY, acting prose, prays for a decision that this Court **REVERSE** the District Court's order of dismissal and remand with instructions to (1) correct filing date of Civil Complaint to January 23, 2024; (2) permit Plaintiff to proceed pro se on behalf of the Estate of D.B.Y. or assign pro bono counsel; and (3) exercise both diversity of citizenship and supplemental jurisdiction over all New York Law claims, or such further relief as the Court deems just and proper.

Dated: March 25, 2025
Edgemoor, DE

_____
A P P E L L A N T

Royce L. Corley, pro se
1207 Delaware Avenue
Suite 1619
Wilmington, DE 19806
(212) 347-5020
corley.paralegal@gmail.com

## CERTIFICATE OF COMPLIANCE

I, ROYCE CORLEY, Appellant, acting pro se, certify that the preceding brief complies with the type-volume limitations of Rule 32 (a) (7) (8) of the Federal Rules of Appellate Procedure, because the brief contains no more than 14,000 words, as indicated by the word count of the word processing system used to prepare the brief.

## CERTIFICATE OF SERVICE

I, ROYCE CORLEY, hereby certify under penalty of perjury that on March 26, 2025, I served a copy of the **BRIEF FOR THE APPELLANT** by U.S. Postal Service first-class mail and via e-mail on the following parties:

Gabrielle Apfel <gapfel@hpmb.com>
and Alejandra R Gil <agil@hpmb.com>
Heidell, Pittoni, Murphy & Bach, LLP (NY)
99 Park Avenue, New York, NY 10016

Philip W. Young <phyoung@law.nyc.gov>
New York City Law Department - Appeals Division
100 Church Street, New York, NY 10007

Dated: March 26, 2025
Edgemoor, DE

_____
A P P E L L A N T

Royce L. Corley, pro se
1207 Delaware Avenue
Suite 1619
Wilmington, DE 19806
(212) 347-5020
corley.paralegal@gmail.com

