# 25-84

# United States Court of Appeals for the Second Circuit

ROYCE CORLEY, a/k/a YISRAEL BEN YAHUDAH,
a/k/a RON IRON and DBY, A deceased minor child,

*Plaintiff-Appellants,*

ROCHELLE EVELYN, a/k/a RACHEL BAHT YAHUDAH
and ESTATE OF DBY,

*Plaintiffs,*

*(See inside cover for continuation of caption)*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF NEW YORK

## BRIEF FOR DEFENDANTS-APPELLEES
Anjali Singh, M.D., Christina Liu, M.D. and Mount Sinai Morningside

Alejandra R. Gil, Esq.
HEIDELL, PITTONI, MURPHY & BACH, LLP
*Attorneys for Defendant-Appellees*
*Anjali Singh, M.D., Christina Liu, M.D. and Mount Sinai Morningside*
99 Park Avenue, 7th Floor
New York, New York 10016
(212) 286-8585
agil@hpmb.com

**3428**



---

-against-

RANTAB ENTERPRISES INCORPORATED,
d/b/a RANTAB RESTAURANT CUISINE, ANJALI SINGH, M.D.,
CHRISTINA LIU, M.D., JANE DOE, In their individual
and official capacity as employee of the ST LUKES ROOSEVELT
HOSPITAL CENTER a/k/a MOUNT SINAI MORNINGSIDE,
NYPD OFFICER #1, In their individual and official capacity as
public officers of the City of New York, NYPD OFFICER #2,
in their individual and official capacity as public officers of the
City of New York, MOUNT SINAI MORNINGSIDE,
CITY OF NEW YORK and JOHN DOE, In their individual
and official capacity as public officers of the City of New York,

*Defendants-Appellees,*

ST. LUKES-ROOSEVELT HOSPITAL CENTER,

*Defendant.*

---

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................1

QUESTIONS PRESENTED ..............................................................2

STATEMENT OF THE FACTS ........................................................2

STANDARD OF REVIEW ...............................................................6

ARGUMENT .....................................................................................7

    **I.**   **THE DISTRICT COURT DID NOT ERR WHEN IT DISMISSED PLAINTIFF'S COMPLAINT DUE TO THE EXPIRATION OF THE STATUTE OF LIMITATIONS.** ..........................................................7

        **A. Counts I, II, and IV – Unlawful Imprisonment and Infringement of Religious Rights Under 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) and Negligent Infliction of Emotional Distress.** ........................................7

        **B. Plaintiff's Claims Accrued on January 23, 2021.** ..........8

        **C. The District Court Properly Exercised its Discretion in Denying Plaintiff an Opportunity to Submit a Sur-Reply.** ......................................................................9

        **D. The District Court Correctly Determined that the Complaint was Untimely Filed on January 24, 2024.** ...............11

        **E. The District Court Correctly Determined that Equitable Tolling Was Not Justified.** ...........................12

    **II.**  **PLAINTIFF'S APPEAL OF THE DISTRICT COURT'S ORDER DISMISSING THE CLAIMS ON BEHALF OF THE ESTATE OF D.B.Y. IS UNTIMELY.** .......................................15

    **III.** **PLAINTIFF'S APPEAL OF THE DISTRICT COURT'S ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION DOES NOT PERTAIN TO THE HOSPITAL DEFENDANTS.** ...........................16

**CONCLUSION**..............................................................................**17**

**CERTIFICATE OF COMPLIANCE** ...............................................**18**

## TABLE OF AUTHORITIES

**Cases**

*Albany Ins. Co. v. Banco Mexicano*, S.A., 1999 U.S. App. LEXIS 14987
(2d Cir. 1999) ........................................................................................ 6, 10

*Bermudez v. City of N.Y.*, 783 F. Supp. 2d 560, 573 (S.D.N.Y. March 25, 2011) ....7

*Brandy H. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 194209
(W.D.N.Y. Oct. 25, 2022) ..........................................................................14

*Carvel v. Franchise Stores Realty Corp.*, 2009 U.S. Dist. LEXIS 113410
(S.D.N.Y. Dec 1, 2009) ................................................................................7

*City of Pontiac Gen. Emples. Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169
(2d Cir. 2011) ..............................................................................................6

*Corley v. Rantab Enterprises Incorporated, et al.*, 24-CV-00528-MMG ................2

*Davila v. Barnhart*, 225 F. Supp. 2d 337 (S.D.N.Y. July 17, 2002) ............... 13, 14

*Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) ...................................13

*Doe v. United State*s, 76 F.4th 64, 70 (2d Cir. 2023) ..................................6

*Ford v. Moore*, 237 F.3d 156 (2d Cir. 2001) ............................................16

*Goldstein v. Mass. Mut. Life Ins. Co.,* 32 A.D.3d 821 (2d Dep't 2006)...................7

*Johnson v. United States*, 2025 U.S. Dist. LEXIS 20816
(W.D.N.Y. Feb. 5, 2025)..............................................................................14

*Judge v. City of Lowell*, 160 F.3d 67, 76 n.15 (1st Cir. 1998)..............................16

*Mhina v. Bank of Am., N.A.*, 2023 U.S. App. LEXIS 27641 (2d Cir. 2023) .............7

*Ormiston v. Nelson,* 117 F.3d 69, 71 (2d Cir. 1997) ..........................................8

*Pearl v. City of Long Beach,* 296 F.3d 76, 80 (2d Cir. 2002), *cert denied,*
538 U.S. 922 (2003) ....................................................................................8

*Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013).........14

*Puglisi v. U.S.*, 586 F. 3d 209, 2013 (2d Cir. 2009) ...............................................10

*Roe v. Wade*, 410 U.S. 113, 157-59, (1975) ............................................................16

*Somoza v. N.Y.C. Dep't of Educ.*, 538 F.3d 106, 112 (2d Cir. 2008) ......................6

*South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) ...................................14

*Syfert v. City of Rome*, 768 Fed. Appx. 66 (2d Cir. 2009)............................... 13, 15

*Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) ..............................................13

*Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74 (2d Cir. 2003) .. 6, 13

**Statutes**

42 U.S.C. § 1983 ................................................................................... 1, 4, 7, 8

42 U.S.C. § 1986 ..................................................................................... 1, 4, 7

42 U.S.C. §§ 1985 ................................................................................ 1, 4, 7, 8

CPLR § 215 ........................................................................................................7

F.R.C.P. 41(b) ...................................................................................................5

F.R.C.P. Rule 4(a)(1)(A) ................................................................................15

Rule 12(b)(6) of the Federal Rules of Civil Procedure.........................................1, 5

iv

## PRELIMINARY STATEMENT

Defendants-Appellees Mount Sinai Morningside, Anjali Singh, M.D., and Christina Liu, M.D. (collectively "the Hospital Defendants") respectfully submit this brief in opposition to *pro se* Plaintiff-Appellant Royce Corley's appeal from a judgment entered in the United States District Court for the Southern District (Margaret M. Garnett, D.J.). Plaintiff brought this action alleging unlawful imprisonment and infringement of religious rights under 42 U.S.C. § 1983, and negligent infliction of emotional distress, as a state law claim, against the Hospital Defendants. In its Order of Service, the Court also construed the Complaint as asserting claims under 42 U.S.C. §§ 1985(3) (conspiracy) and 1986 (action for neglect to prevent).

The Hospital Defendants moved to dismiss the Complaint pursuant to F.R.C.P. 12(b)(6) on the grounds that Plaintiff's claims are time-barred due to the expiration of the relevant statutes of limitations. On January 6, 2025, U.S. District Judge Margaret M. Garnett granted the Hospital Defendants' motion to dismiss on the grounds that Plaintiff's claims are statutorily time-barred and equitable tolling was not justified.

The District Court did not err in determining that Plaintiff's claims against the Hospital Defendants are statutorily time-barred or abuse its discretion in determining that equitable tolling was not justified. Accordingly, this Court should

1

affirm the District Court's Order dismissing Plaintiff's claims against the Hospital Defendants.

## QUESTIONS PRESENTED

1.      Did the District Court err when it dismissed Plaintiff's Complaint on the grounds that Plaintiff's claims are statutorily time-barred?

2.      Did the District Court abuse its discretion when it denied Plaintiff an opportunity to submit a Sur-Reply to the Hospital Defendants' motion to dismiss?

3.      Did the District Court abuse its discretion when it determined that equitable tolling was not justified?

## STATEMENT OF THE FACTS

According to the Complaint, on January 22, 2021, Rochelle Evelyn (a former Plaintiff) consumed an alcoholic beverage described as "Palm Juice." On the afternoon of January 23, 2021, Ms. Evelyn experienced severe stomach pains and she experienced the miscarriage of an approximately 20-week-old fetus, D.B.Y. Dkt. No. 1, ¶ 15.[1] Following the miscarriage, Ms. Evelyn and her husband, Plaintiff Royce Corley, presented to the emergency room of St. Luke's – Roosevelt Hospital Center, now known as Mount Sinai Morningside, seeking medical assistance. *Id*. ¶ 16. At the time of this presentation, the fetus was outside of Ms. Evelyn's body but still attached to the umbilical cord. *Id*. ¶ 15-16.

---

[1] "Dkt" references throughout the brief refer to documents filed on PACER in the case of *Corley v. Rantab Enterprises Incorporated, et al.*, 24-CV-00528-MMG.

At Mount Sinai Morningside, Defendant Dr. Liu allegedly removed the fetus from Ms. Evelyn's body and gave the fetus to Plaintiff-Appellant Corley. Dr. Liu encouraged Ms. Evelyn to undergo a medical procedure to remove the placenta and afterbirth, but Dr. Liu's medical advice was declined. *Id*. ¶ 17. After Dr. Liu's medical advice was declined, Dr. Liu called in Defendant Dr. Singh to provide a second opinion. Dr. Singh likewise encouraged Ms. Evelyn to undergo the placenta and afterbirth removal procedure. *Id*. ¶ 18. Ms. Evelyn again declined this procedure but agreed to undergo an ultrasound. Dr. Liu and Dr. Singh allegedly requested that the fetus be examined and tested for potential causes of miscarriage, but any examination of the fetus was declined due to their religious beliefs as Hebrew Israelites. *Id.* The Complaint alleges Dr. Liu and Dr. Singh called upon several medical administrators and staff to encourage Ms. Evelyn and Plaintiff to have further medical procedures and testing done, but they consistently declined these services. *Id*. ¶ 19.

Upon completion of the ultrasound, Ms. Evelyn and Plaintiff expressed their desire to leave the hospital. After attempting to leave the hospital, Dr. Liu, Dr. Singh, and the Jane Doe medical staff allegedly directed police officers to prevent them from leaving the hospital and detained them in a hospital room until further notice. *Id*. ¶ 20. When Ms. Evelyn and Plaintiff asked why they were not permitted to leave the hospital, the doctors and medical staff allegedly advised them that New York state law prevented patients from leaving the hospital with a fetus, and that the

3

medical procedures to remove the placenta and afterbirth were mandatory, otherwise they would be liable for medical malpractice and potential lawsuits. *Id*. The Complaint alleges that, after several hours of being detained inside the hospital room, a female doctor intervened and stated she could not find the laws the other medical staff were talking about. Ms. Evelyn and Plaintiff were then allowed to go home. *Id*. ¶ 23.

Plaintiffs Corley and Evelyn filed the Complaint on January 24, 2024. Dkt. No. 1. The Complaint asserts claims as follows: Count I asserts a claim for unlawful imprisonment under 42 U.S.C. § 1983 against the Hospital Defendants and co-defendant City of New York; Count II asserts a claim for infringement of religious rights under 42 U.S.C. §1983 against Hospital Defendants and co-defendant City of New York; Count III asserts a claim for product, vicarious and general liability against co-defendant Rantab Enterprises Incorporated only; Count IV asserts a claim for negligent infliction of emotional distress under New York State law against all defendants. Dkt. No. 1.

In its Order of Service, dated February 23, 2024, the District Court construed the Complaint as also asserting claims under 42 U.S.C. §§ 1985(3) (conspiracy) and 1986 (action for neglect to prevent), as well as claims under state law (presumably including a New York State law claim for unlawful imprisonment). Dkt. No. 8. The District Court also dismissed the claims Plaintiffs asserted on behalf

of the Estate of D.B.Y. *pro se* without prejudice to such claims being reasserted in this action, or in a separate civil action, by an attorney representing the Estate. *Id*.

On July 25, 2024, the Hospital Defendants filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that Plaintiff's claims were barred by the applicable statutes of limitations. Dkt. Nos. 38-41.

On August 28, 2024, the District Court dismissed Ms. Evelyn's claims for failure to prosecute pursuant to F.R.C.P. 41(b). Dkt. No. 48.

On October 18, 2024, Plaintiff submitted his Opposition to the Hospital Defendants' motion to dismiss. Dkt. No. 53.

On November 4, 2024, the Hospital Defendants submitted a Reply in support of their motion to dismiss. Dkt. No. 59. With their Reply, the Hospital Defendants attached a Mount Sinai Morningside record which shows Ms. Evelyn was admitted and discharged on January 23, 2021. Dkt. No. 59, Ex. B.

On November 13, 2024, Plaintiff filed a letter requesting an "extension to file a Reply Brief to the Defendants' Motions for Dismissal" in order to "obtain records that contradict those presented by the Defense." Dkt. No. 62. On November 15, 2024, the District Court denied Plaintiff's request. Dkt. No. 63. The District Court noted that "motions for leave to file sur-reply information are subject to the sound discretion of the district court, and supplemental findings such as sur-replies may not be filed absent prior leave of the court." *Id*. The District Court further noted

that the Defendants did not raise new information or arguments in their reply briefs that would necessitate a renewed response from Plaintiff and that "Plaintiff already squarely addressed [the statute of limitations issue] in his opposition brief to Defendants' motions." *Id*.

On January 6, 2025, United States District Judge Margaret M. Garnett granted the Hospital Defendants' motion to dismiss and dismissed Plaintiff's claims against the Hospital Defendants. Dkt. No. 64.

On January 7, 2025, Plaintiff filed a Notice of Appeal. Dkt. No. 66.

## <u>STANDARD OF REVIEW</u>

When a district court grants a defendant's motion to dismiss on the grounds that a claim is barred by the statute of limitations, the appellate court reviews the district court's legal conclusions, including its interpretation and application of a statute of limitations, *de novo*. *See City of Pontiac Gen. Emples. Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169 (2d Cir. 2011) (*citing Somoza v. N.Y.C. Dep't of Educ.*, 538 F.3d 106, 112 (2d Cir. 2008)).

The appellate court reviews a district court's decision to deny an opportunity to file a Sur-Reply for abuse of discretion. *Albany Ins. Co. v. Banco Mexicano*, S.A., 1999 U.S. App. LEXIS 14987 (2d Cir. 1999). The appellate court also reviews a district court's decision to deny equitable tolling for abuse of discretion. *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74 (2d Cir. 2003); *Doe v. United State*s, 76 F.4th 64, 70 (2d Cir. 2023).

6

## ARGUMENT

I. **THE DISTRICT COURT DID NOT ERR WHEN IT DISMISSED PLAINTIFF'S COMPLAINT DUE TO THE EXPIRATION OF THE STATUTE OF LIMITATIONS.**

A. **Counts I, II, and IV – Unlawful Imprisonment and Infringement of Religious Rights Under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 (3) and Negligent Infliction of Emotional Distress.**

The District Court correctly dismissed Plaintiff's claims for unlawful imprisonment, infringement of religious rights, and negligent infliction of emotional distress as untimely.[2]

Claims brought under 42 U.S.C. § 1983 and § 1985 (3) are subject to a three-year statute of limitations. *Bermudez v. City of N.Y.*, 783 F. Supp. 2d 560, 573 (S.D.N.Y. March 25, 2011); *Mhina v. Bank of Am., N.A.*, 2023 U.S. App. LEXIS 27641 (2d Cir. 2023) ("Claims arising under §§ 1983 and 1985 in New York must be filed within three years of accrual."). Likewise, the statute of limitations for a

---

[2] In its Order of Service, the District Court construed the Complaint as also asserting claims under 42 U.S.C. § 1986 (failure to prevent/intervene) as well as under state law, presumably including a New York State claim for unlawful imprisonment. A claim under 42 U.S.C. § 1986 is subject to a one-year statute of limitations. *Carvel v. Franchise Stores Realty Corp.*, 2009 U.S. Dist. LEXIS 113410 (S.D.N.Y. Dec 1, 2009). Likewise, a one-year limitations period governs the New York state law claim for unlawful imprisonment. *See* CPLR § 215. Based on the allegations in the Complaint, Plaintiff's claims under 42 U.S.C. § 1986 and for unlawful imprisonment under New York State law accrued on January 23, 2021 and expired on January 23, 2022. Plaintiff did not file the Complaint until January 24, 2024. Therefore, the District Court correctly dismissed these claims against the Hospital Defendants as untimely. Plaintiff does not appeal the District Court's determination that these claims are time-barred or address the District Court's ruling on these claims in his brief.

negligent infliction of emotional distress claim in New York is, at most, three years.[3]

*See Goldstein v. Mass. Mut. Life Ins. Co.,* 32 A.D.3d 821 (2d Dep't 2006). The three-year period begins to run when the plaintiff's claim accrues. *See Ormiston v. Nelson,* 117 F.3d 69, 71 (2d Cir. 1997). The date of accrual begins when "when the plaintiff knows or has reason to know of the harm." *Pearl v. City of Long Beach,* 296 F.3d 76, 80 (2d Cir. 2002), *cert denied,* 538 U.S. 922 (2003).

### B.    Plaintiff's Claims Accrued on January 23, 2021.

According to the Complaint, Ms. Evelyn treated at Mount Sinai Morningside on January 23, 2021. Dkt. No. 1, ¶ 15. Mount Sinai Morningside records correspondingly show Ms. Evelyn was admitted and discharged on January 23, 2021. Dkt. No. 59, Ex. B. Specifically, the Mount Sinai Morningside records show Ms. Evelyn was discharged on January 23, 2021 at 7:00 p.m. Dkt. No. 59, Ex. B. Plaintiff's §§ 1983, 1985, and negligent infliction of emotional distress claims therefore accrued on January 23, 2021 and expired on January 23, 2024. However, Plaintiff did not file the Complaint until January 24, 2024, one day after the expiration of the limitations period. Dkt. No. 1. Therefore, the District Court correctly dismissed Plaintiff's claims against the Hospital Defendants as time-barred. Dkt. No. 64.

---

[3] The District Court also noted that, should a one-year statute of limitations for intentional torts be applied to Count 4, such claim would also be time-barred by over two years.

Plaintiff's argument that he and Ms. Evelyn "were not released from unlawful imprisonment until January 24, 2021" is directly contradicted by the medical records which conclusively establish that Ms. Evelyn was discharged on January 23, 2021. Pl. Brief at 8. Contrary to Plaintiff's claim, the District Court did not err in determining that his claims accrued on January 23, 2021. Plaintiff asserts that the Mount Sinai Morningside "record alone cannot conclusively show that Plaintiffs were released from custody at or around the time discharge papers were signed." *Id*. However, the District Court's decision was not based on the Mount Sinai Morningside record alone; it was also based on Plaintiff's own Complaint which unambiguously states that the alleged harm occurred, and consequently the claim accrued, on January 23, 2021. Dkt. No. 1, ¶ 30, 31. Moreover, Plaintiff offered nothing more than mere speculation regarding when he and Ms. Evelyn arrived at and departed the hospital in his attempt to establish a later discharge date than what is reflected in the medical records. The Mount Sinai Morningside records establish that Ms. Evelyn was discharged on January 23, 2021 at 7:00 p.m. and Plaintiff has offered no evidence to contradict the records.

### C. The District Court Properly Exercised its Discretion in Denying Plaintiff an Opportunity to Submit a Sur-Reply.

On November 4, 2024, the Hospital Defendants filed a Reply in support of their motion to dismiss. Dkt. No. 59. With their Reply, the Hospital Defendants attached Exhibit B, a Mount Sinai Morningside record which shows Ms. Evelyn was

admitted and discharged on January 23, 2021. Dkt. No. 59, Ex. B. Plaintiff now argues that the District Court abused its discretion in prohibiting him from filing a Sur-Reply with supplemental information/evidence which he did not include in his Opposition to Defendants' motion to dismiss. Pl. Brief at 8. Plaintiff further asserts that he should have been given discovery or an evidentiary hearing to proffer evidence to dispute the date and time of his hospital discharge. *Id.*

The District Court properly exercised its discretion in denying Plaintiff's request to file a Sur-Reply. Plaintiff requested an extension of time to file a Sur-Reply in order to "obtain records that contradict those presented by the Defense." Dkt. No. 62. The District Court denied this request and noted that the Defendants did not raise new information or arguments in their reply briefs that would necessitate a renewed response from Plaintiff" and that "Plaintiff already squarely addressed [the statute of limitations issue] in his opposition brief to Defendants' motions." Dkt. No. 63. Indeed, Defendants asserted in their moving papers that Ms. Evelyn treated at Mount Sinai Morningside on January 23, 2021 and therefore her claims accrued on January 23, 2021. Dkt. Nos. 38-41. Despite being aware of this argument in the Hospital Defendants' motion, Plaintiff did not proffer any evidence to the contrary in his Opposition. Dkt. No. 53. Further, Plaintiff did not specify what records he sought to obtain to submit on Sur-Reply. Even in the instant appeal, Plaintiff has not specified any particular "additional evidence" or records he was barred from introducing before the District Court. *See Albany Ins.*

*Co. v. Banco Mexicano, S.A.*, 1999 U.S. App. LEXIS 14987 (2d Cir. 1999). Lastly, Plaintiff's reliance on *Puglisi v. U.S.*, 586 F. 3d 209, 2013 (2d Cir. 2009) for the argument that an evidentiary hearing should have been granted in this case is misplaced -- *Puglisi* involved a question as to whether an evidentiary hearing should have been held on an ineffective assistance of counsel claim. Accordingly, the District Court did not abuse its discretion in denying Plaintiff an opportunity to submit a Sur-Reply.

### D. The District Court Correctly Determined that the Complaint was Untimely Filed on January 24, 2024.

In his Opposition to the Hospital Defendants' motion to dismiss, Plaintiff contended that he timely filed his Complaint with the Pro Se Intake Unit via e-mail on January 23, 2024 at 11:50 p.m., which was then filed by the clerk on January 24, 2024. Dkt. No. 53 at 2. Plaintiff attached an email, Exhibit A, as proof that he timely emailed his Complaint to the Pro Se office on January 23, 2024. Dkt. No. 53, Ex. A. However, Exhibit A does *not* show that a Complaint was transmitted to the Pro Se office on January 23, 2024 -- it only shows that an automated reply was sent acknowledging that the Court received an email from Plaintiff. The District Court correctly noted that "the primary evidence Plaintiff submitted to the Court … is only an automated response from the Court's Temporary Pro Se Filing NYSD email, timestamped Tuesday, January 23, 2024 at 11:50 PM." Dkt. No. 64 at 4. Plaintiff now argues that the subject line of Exhibit A's email is sufficient to show

11

that a Complaint was filed. Pl. Brief at 7. In actuality, the Exhibit A email could have been an automatic response to any email or document sent to the Pro Se office; it does not show any attachment, let alone a Complaint, was emailed to the Pro Se office on January 23, 2024.

Plaintiff also attached another email to the Court, dated January 24, 2024 at 12:17 a.m., to his Opposition papers. Dkt. No. 53, Ex. B. Exhibit B shows a Complaint attached to the email. Dkt. No. 53, Ex. B. As noted by the District Court, this exhibit "confirms the date of case initiation that is publicly reflected on the docket." Dkt. No. 64 at 4. The District Court further noted that Plaintiff's submission of Exhibit B demonstrates "that he knows how to provide evidence of when and how he sent materials to the Pro Se Office for filing; this makes all the more noteworthy his submission only of an automated receipt email (with no indication of what Plaintiff submitted) as proof of his purported January 23, 2024 filing." Dkt. No. 64 at 5.

Based on the foregoing, the District Court correctly concluded that the evidence before the Court unambiguously demonstrates that Plaintiff filed his Complaint on January 24, 2024, and not on January 23, 2024.

### E. The District Court Correctly Determined that Equitable Tolling Was Not Justified.

In his Opposition to the Hospital Defendants' motion to dismiss, Plaintiff argued that even if his Complaint was filed 17 minutes late on January 24,

2024, the Court should deem the Complaint timely filed pursuant to the principle of equitable tolling. Dkt. No. 53 at 2. In its Decision, the District Court dismissed Plaintiff's Complaint as time-barred and held that Plaintiff did not plead a sufficient basis for equitable tolling. Specifically, the District Court held that equitable tolling was not justified because Plaintiff failed to allege that any extraordinary circumstance stood in his way of timely filing the Complaint; Plaintiff failed to allege that he diligently pursued his rights; and Plaintiff provided no explanation for the delay (except for generalized and unsupported denials of delay). Dkt. No. 64 at 5-6. Plaintiff now asserts that the District Court erred in determining that equitable tolling is not justified. Pl. Brief at 6. Plaintiff argues he was diligent in attempting to file the Complaint on January 23, 2024 but a clerical error caused him to file a correction to the complaint less than 30 minutes later. *Id*. at 8.

A district court's decision to deny equitable tolling is reviewed for abuse of discretion. *Syfert v. City of Rome*, 768 Fed. Appx. 66 (2d Cir. 2009); *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74 (2d Cir. 2003). Here, the District Court did not abuse its discretion in determining there was no justification for equitable tolling. "Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000). "To qualify for [equitable tolling,] the [plaintiff] must establish that extraordinary circumstances prevented him from filing his [claim] on time, and that he acted with reasonable diligence throughout the period

13

he seeks to toll." *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (internal quotation marks omitted). Plaintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling. *Davila v. Barnhart*, 225 F. Supp. 2d 337 (S.D.N.Y. July 17, 2002).

Plaintiff failed to demonstrate any entitlement to equitable tolling. Plaintiff failed to provide any explanation regarding the "clerical error" that purportedly occurred, or how said error prevented him from missing the original deadline and filing his Complaint on time. Plaintiff also failed to explain how he was reasonably diligent by waiting ***three years***, until nearly midnight on the last day of the statute of limitations period, to file the Complaint. *See South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d Cir. 1994) (holding that "a plaintiff's failure to act diligently is not a reason to invoke equitable tolling"). The Second Circuit has held that "equitable tolling is applicable only in rare and exceptional circumstances." *Phillips v. Generations Fam. Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013) (internal quotation marks omitted). It has long been recognized that ordinary mistakes such as clerical errors do not rise to the level of an "extraordinary circumstance" sufficient to justify equitable tolling. *Johnson v. United States*, 2025 U.S. Dist. LEXIS 20816 (W.D.N.Y. Feb. 5, 2025); *Brandy H. v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 194209 (W.D.N.Y. Oct. 25, 2022); *Davila v. Barnhart*, 225 F. Supp. 2d 337 (S.D.N.Y. July 17, 2002) (holding that plaintiff's complaint was time-barred where it was filed one day late and there was no extraordinary circumstance justifying

14

equitable tolling). Plaintiff further argues that, "for *pro se* Complaints, the court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations." Pl. Brief at 8 (internal quotes omitted). However, this standard applies to the sufficiency of a pleading rather than the timeliness of filing the pleading.

Based on the foregoing, the District Court did not abuse its discretion in determining there was no justification for equitable tolling. *Syfert v. City of Rome*, 768 Fed. Appx. 66 (2d Cir. 2009) (Because the appellant had pleaded neither extraordinary circumstances nor reasonable diligence, the district court did not abuse its discretion in determining that the appellant had not met the extraordinary burden to invoke equitable tolling.).

**II.    PLAINTIFF'S APPEAL OF THE DISTRICT COURT'S ORDER DISMISSING THE CLAIMS ON BEHALF OF THE ESTATE OF D.B.Y. IS UNTIMELY.**

Plaintiff claims that the District Court erred in dismissing the claims on behalf of the Estate of D.B.Y. Plaintiff's appeal of this dismissal, however, is untimely. The District Court dismissed the claims on behalf of the Estate of D.B.Y. on February 23, 2024. Dkt. No. 8. Therefore, any Notice of Appeal of that Order had to be filed within 30 days pursuant to F.R.C.P. Rule 4(a)(1)(A). Here, Plaintiff did not file the Notice of Appeal until January 7, 2025. Dkt. No. 66.

In any event, even if the Notice of Appeal had been timely filed, the Estate of D.B.Y. cannot properly assert any claims against the Hospital Defendants. As the Complaint indicates, D.B.Y., a 20-week-old fetus, died *before* Plaintiff and

15

Ms. Evelyn presented to Mount Sinai Morningside on January 23, 2021. Dkt No. 1, ¶ 15. The Complaint alleges that the Hospital Defendants unlawfully imprisoned D.B.Y. and infringed upon her religious rights by detaining her in a hospital room. *Id.*, ¶ 30-31. However, a deceased person does not have constitutional rights. *See Ford v. Moore*, 237 F.3d 156 (2d Cir. 2001) ("the civil rights of a person cannot be violated once that person has died."); *see also Judge v. City of Lowell*, 160 F.3d 67, 76 n.15 (1st Cir. 1998). Moreover, an unborn fetus is not a "person" for purposes of the Civil Rights Act. *See Roe v. Wade*, 410 U.S. 113, 157-59 (1975).

### III.   PLAINTIFF'S APPEAL OF THE DISTRICT COURT'S ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION DOES NOT PERTAIN TO THE HOSPITAL DEFENDANTS.

Plaintiff claims that "the District Court erred by not exercising Diversity of Citizenship over Count 3…." Pl. Brief at 6. Count III of the Complaint asserts a claim for product, vicarious and general liability against co-defendant Rantab Enterprises Incorporated only. Dkt. No. 1. The Hospital Defendants therefore will not address Plaintiff's assertion herein because Count III of the Complaint does not pertain to the Hospital Defendants.

## **CONCLUSION**

For the reasons outlined above, the Hospital Defendants respectfully request that this Court affirm the District Court's Order, dismissing Plaintiff's claims against the Hospital Defendants.

Dated:    White Plains, New York
      April 30, 2025

ALEJANDRA R. GIL

## **CERTIFICATE OF COMPLIANCE**

Docket Nos.: 25-84
Case Name: *Corley v Rantab Ent.*
Document Title: Brief for Defendants-Appellees

_____

      Pursuant to Federal Rules of Procedure, I certify that the accompanying Appellee Brief, contains 4,161 words, excluding the parts of the document that are exempt under rules of this Court. This certificate was prepared in reliance on the word-count function of the word processing system (Microsoft Word) used to prepare the document.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 30, 2025

_____
      ALEJANDRA R. GIL