# 25-84

## United States Court of Appeals
## for the Second Circuit

ROYCE CORLEY, a/k/a "Yisrael Ben Yahudah," a/k/a "Ron Iron,"

*Plaintiff-Appellant,*

ROCHELLE EVELYN, a/k/a "Rachel Baht Yahudah," and ESTATE OF D.B.Y.,

*Plaintiffs,*

*against*

RANTAB ENTERPRISES INCORPORATED, d/b/a "Rantab Restaurant Cuisine,"

*(caption continued on following pages)*

On Appeal from the United States District Court
for the Southern District of New York

## BRIEF FOR CITY APPELLEES

CLAUDE S. PLATTON
PHILIP W. YOUNG
  *of Counsel*

April 30, 2025

MURIEL GOODE-TRUFANT
*Corporation Counsel
of the City of New York*
Attorney for City Appellees
100 Church Street
New York, New York 10007
(212) 356-2375
phyoung@law.nyc.gov

*(caption continued from previous page)*

ANJALI SINGH, M.D., CHRISTINA LIU, M.D., JANE DOE in their individual and official capacity as employee of the St. Luke's Roosevelt Hospital Center, a/k/a "Mount Sinai Morningside," NYPD OFFICER #1, in their individual and official capacity as public officers of the City of New York, NYPD OFFICER #2, in their individual and official capacity as public officers of the City of New York, MOUNT SINAI MORNINGSIDE, CITY OF NEW YORK, and JOHN DOE, in their individual and official capacity as public officers of the City of New York,

*Defendants-Appellees.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..................................................................iii

PRELIMINARY STATEMENT.........................................................1

ISSUES PRESENTED........................................................................2

STATEMENT OF THE CASE............................................................3

    A. Plaintiffs' lawsuit alleging that they were unlawfully detained at Mt. Sinai Morningside Hospital following a miscarriage ........................................................................3

    B. The district court's order dismissing without prejudice the claims brought by the Estate of D.B.Y. .......................5

    C. The motions to dismiss and the evidence that Corley did not file his complaint until January 24, 2024 ..................6

    D. The district court's order dismissing all of Corley's claims as untimely ..............................................................8

SUMMARY OF ARGUMENT..........................................................10

ARGUMENT......................................................................................13

POINT I ...........................................................................................13

    THE DISTRICT COURT CORRECTLY DISMISSED CORLEY'S CLAIMS AS UNTIMELY ....................................13

    A. Corley's own allegations and evidence establish that he filed this lawsuit one day after the statute of limitations expired........................................................................13

    B. Corley did not prove that he was entitled to equitable tolling...............................................................................18

POINT II ..........................................................................................20

i

# TABLE OF CONTENTS (cont'd)

**Page**

THE DISTRICT COURT PROPERLY DISMISSED THE CLAIMS BROUGHT ON BEHALF OF THE ESTATE OF D.B.Y................................................................................20

CONCLUSION ................................................................23

CERTIFICATE OF COMPLIANCE ................................................24

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albany Ins. Co. v. Banco Mexicano, S.A.*,
No. 98-9531, 1999 U.S. App. LEXIS 14987 (2d Cir. July 2, 1999) .......................................................................... 15

*Barnes v. City of N.Y.*,
68 F.4th 123 (2d Cir. 2023) ..................................... 13, 14

*Benzemann v. Houslanger & Assocs., PLLC*,
924 F.3d 73 (2d Cir. 2019) ............................................ 19

*A.Q.C. ex rel. Castillo v. United States*,
656 F.3d 135 (2d Cir. 2011) ........................................... 13

*City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, Inc.*,
637 F.3d 169 (2d Cir. 2011) .......................................... 10

*Clark v. Santander Bank, N.A.*,
122 F.4th 56 (2d Cir. 2024) ........................................... 22

*Clemente v. Lee*,
72 F.4th 466 (2d Cir. 2023) ........................................... 19

*Collymore v. Myers*,
74 F.4th 22 (2d Cir. 2023) ............................................. 20

*Deutsche Bank Nat'l Trust Co. v. Quicken Loans Inc.*,
810 F.3d 861 (2d Cir. 2015) .......................................... 10

*Dixon v. City of N.Y.*,
76 A.D.3d 1043 (2d Dep't 2010)...................................... 14

*Doe v. United States*,
76 F.4th 64 (2d Cir. 2023) ................................. 10, 18, 19

*Endresz v. Friedberg*,
24 N.Y.2d 478 (1969) .................................................... 21

*Evans v. N.Y. City Dep't of Educ.*,
No. 23-8119, 2024 U.S. App. LEXIS 26043 (2d Cir. Oct. 16, 2024)....................................................................... 18

iii

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Farley v. Koepp,*
 788 F.3d 681 (7th Cir. 2015) ......................................................... 16

*Friedman v. Swiss Re Am. Holding Corp.,*
 512 F. App'x 94 (2d Cir. 2013) ................................................. 16, 18

*Gamma Traders - I LLC v. Merrill Lynch Commodities, Inc.,*
 41 F.4th 71 (2d Cir. 2022) ............................................................. 10

*Guest v. Hansen,*
 603 F.3d 15 (2d Cir. 2010) ............................................................. 21

*Holland v. Florida,*
 560 U.S. 631 (2010)................................................................... 18, 19

*Iannacone v. Law,*
 142 F.3d 553 (2d Cir. 1998) ........................................................... 22

*Joye v. Sec'y Dep't of Navy,*
 736 F. App'x 861 (11th Cir. 2018) .................................................. 19

*Kane v. Mt. Pleasant Cent. Sch. Dist.,*
 80 F.4th 101 (2d Cir. 2023) ........................................................... 13

*Kramer v. Meridian Capital Grp., LLC,*
 201 A.D.3d 909 (2d Dep't 2022)..................................................... 14

*Maher v. Yoon,*
 297 A.D.2d 361 (2d Dep't 2002)..................................................... 21

*Ortiz v. Cornetta,*
 867 F.2d 146 (2d Cir. 1989) ........................................................... 17

*Paige v. Police Dep't,*
 264 F.3d 197 (2d Cir. 2001) ........................................................... 14

*Pappas v. Philip Morris, Inc.,*
 915 F.3d 889 (2d Cir. 2019) ........................................................... 21

*Smalls v. Collins,*
 10 F.4th 117 (2d Cir. 2021) ........................................................... 19

*Thea v. Kleinhandler,*
 807 F.3d 492 (2d Cir. 2015) ........................................................... 13

## TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Toliver v. Cty. of Sullivan,*
    841 F.2d 41 (2d Cir. 1988) ............................................................. 16

*Wallace v. Kato,*
    549 U.S. 384 (2007) ....................................................................... 14

*Warren v. Garvin,*
    219 F.3d 111 (2d Cir. 2000) ........................................................... 18

*Watson v. United States,*
    865 F.3d 123 (2d Cir. 2017) ........................................................... 20

*Zerilli-Edelglass v. N.Y. City Transit Auth.,*
    333 F.3d 74 (2d Cir. 2003) ............................................................. 16

**Statutes**

42 U.S.C. § 1983 .........................................................................*passim*

42 U.S.C. § 1985 .........................................................................*passim*

42 U.S.C. § 1986 .........................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 5(d) ......................................................................... 16

Fed. R. App. P. 3 ............................................................................. 20

## PRELIMINARY STATEMENT

Pro se plaintiff Royce Corley, along with his wife Rochelle Evelyn and the estate of their unborn child, D.B.Y., filed this lawsuit alleging that they were unlawfully imprisoned by officials from Mt. Sinai Morningside Hospital and the NYPD after Evelyn declined certain medical procedures following her miscarriage of D.B.Y. The U.S. District Court for the Southern District of New York (Garnett, J.) dismissed sua sponte the claims of the Estate of D.B.Y. without prejudice, since Corley and Evelyn could not represent the estate pro se. It then dismissed Evelyn's claims for failure to prosecute. Finally, it dismissed Corley's claims as untimely. Corley appeals the dismissal of his claims and the estate's. This Court should affirm as to the municipal defendants, on whose behalf this brief is submitted.

Plaintiffs' claims—asserted under 42 U.S.C. §§ 1983, 1985, 1986 and state law—are subject to, at most, a three-year statute of limitations. The claims are untimely because Corley emailed the complaint to the Southern District's Pro Se Intake Unit at 12:17 a.m. on January 24, 2024—three years and one day after the alleged unlawful imprisonment ended on January 23, 2021. The contrary evidence Corley points to shows only that he received an "automatic reply" email from the district court at 11:50 p.m. on January 23,

2024—not that the court received Corley's complaint on that date. And Corley has entirely failed to show that he is entitled to the extraordinary remedy of equitable tolling.

Independently, the district court also did not err in dismissing the claims of the Estate of D.B.Y. without prejudice to them being reasserted by an attorney. An individual may represent an estate pro se only if he is the sole survivor, creditor, and beneficiary of that estate. And since both Corley and Evelyn were survivors of D.B.Y.'s estate—assuming the estate of an unborn child has legal capacity under New York law—neither of them could represent the estate pro se, either individually or collectively. That Evelyn was dismissed from the case makes no difference.

## ISSUES PRESENTED

1. Did the district court correctly dismiss all of Corley's claims as untimely where Corley's own allegations and evidence established that he filed his lawsuit one day after the statute of limitations ran?

2. Did the district court correctly dismiss, sua sponte and without prejudice, the claims of the Estate of D.B.Y., where Corley and Evelyn were both survivors of the deceased's estate and sought to represent the estate pro se?

2

## STATEMENT OF THE CASE

### A. Plaintiffs' lawsuit alleging that they were unlawfully detained at Mt. Sinai Morningside Hospital following a miscarriage

On January 24, 2024, plaintiffs Royce Corley, Rochelle Evelyn, and the Estate of D.B.Y., all proceeding pro se, filed this lawsuit, asserting an array of federal and state claims related to an incident where they were allegedly detained at Mt. Sinai Morningside Hospital following Evelyn's miscarriage (S.D.N.Y. Dkt. 1).[1]

Corley and Evelyn alleged that on January 22, 2021 they consumed food and drinks from a restaurant in Brooklyn owned by defendant Rantab Enterprises Incorporated (S.D.N.Y. Dkt. 1 at 3). The next day, January 23, 2021, Evelyn experienced a miscarriage (*id.* at 3-4). Corley and Evelyn rushed to Mt. Sinai, where doctors removed the deceased fetus—plaintiff D.B.Y.—and returned D.B.Y.'s body to the parents (*id.* at 4). Plaintiffs alleged that multiple doctors at Mt. Sinai urged them to have certain medical procedures "to remove the placenta and afterbirth," but they consistently declined those offers (*id.* at 4-5). According to plaintiffs, Mt. Sinai staff then "directed" several

---

[1] This Court granted Corley permission to proceed in this appeal without filing an appendix (2d Cir. Dkt. 43). Accordingly, this brief uses district court docket numbers when citing to the record.

NYPD officers to "detain them in a hospital room" on the ground that the procedures "were mandatory" (*id.* at 5). Eventually, plaintiffs alleged that "[a]fter several hours of being detained," hospital staff allowed them to go home (*id.* at 5-6).

Based on that incident, plaintiffs sued Mt. Sinai Morningside Hospital,[2] several individuals employed by the hospital, the City of New York, and multiple unnamed NYPD officers for "unlawful imprisonment" and "infringement of religious rights" under 42 U.S.C. §§ 1983, 1985, and 1986 (S.D.N.Y. Dkt. 1 at 7-8).[3] The complaint alleged that those constitutional violations took place "[o]n January 23, 2021" (*id.* at 7). Plaintiffs also brought a state law products liability claim against Rantab Enterprises Incorporated and a claim for negligent infliction of emotional distress against all defendants (*id.* at 8-9). Plaintiffs alleged that the negligent infliction of emotional distress claim accrued "[o]n or about January 22, 2021 through January 23, 2021" (*id.* at 8).

---

[2] In their complaint, plaintiffs identify the hospital as St. Luke's Roosevelt Hospital Center (*see* S.D.N.Y. Dkt. 1 at 1). Since that hospital is now known as "Mount Sinai Morningside," the district court directed the clerk of the court to modify the case caption accordingly (S.D.N.Y. Dkt. 8 at 3).

[3] The district court construed plaintiffs' pro se complaint as "asserting claims under 42 U.S.C. §§ 1983, 1985(3), and 1986, as well as claims under state law" (S.D.N.Y. Dkt. 8 at 2).

**B. The district court's order dismissing without prejudice the claims brought by the Estate of D.B.Y.**

In February 2024, the district court sua sponte dismissed the claims of the Estate of D.B.Y. because neither Corley nor Evelyn were permitted to represent the estate pro se (S.D.N.Y. Dkt. 8 at 3-4). The court explained that, where "there are multiple survivors to a deceased's estate (Plaintiffs Evelyn and Corley, respectively), claims cannot be asserted by any of those survivors (collectively or individually) on behalf of that estate *pro se*" (*id.* at 3). The only time an estate can be represented pro se, the court explained, was where the estate has "no creditors" and a "sole beneficiary," since in that case the beneficiary would be "the only party affected by the disposition of the suit" (*id.*). Thus, the court dismissed the estate's claims "without prejudice" to their "being reasserted in this action, or in a separate civil action, by an attorney representing that estate" (*id.* at 4).

In July 2024, Corley filed what he referred to as a "pre-trial omnibus motion" (S.D.N.Y. Dkt. 33). Among other things, Corley asked that the court assign counsel to represent D.B.Y.'s estate (*id.* at 3). The district court denied that request, noting that, "[a]s a non-lawyer, Plaintiff Corley may only represent his own interests in this litigation" (S.D.N.Y. Dkt. 42 at 2).

5

**C. The motions to dismiss and the evidence that Corley did not file his complaint until January 24, 2024**

In July and August of 2024, the City defendants and the Mt. Sinai defendants filed motions to dismiss (S.D.N.Y. Dkt. 38, 40, 46). Both motions argued that plaintiffs' claims were untimely because they were filed more than three years after the alleged unlawful imprisonment (S.D.N.Y. Dkt. 40 at 5-6; S.D.N.Y. Dkt. 46 at 3-4). The Mt. Sinai defendants also argued that plaintiffs' complaint failed to state a cause of action (S.D.N.Y. Dkt. 40 at 6-16). And the City defendants separately argued that Evelyn's claims should be dismissed for failure to prosecute (S.D.N.Y. Dkt. 46 at 2-3).

The district court granted the City's motion to the extent of dismissing Evelyn's claims without prejudice (S.D.N.Y. Dkt. 48 at 1). The court then ordered Corley—the only remaining plaintiff—to file a consolidated opposition to the defendants' motions to dismiss on timeliness grounds (*id.*). The court explained that it would "not consider arguments that address issues other than the statute of limitations at this stage" (*id.* at 1-2).

Corley filed his opposition in October 2024 (S.D.N.Y. Dkt. 53). He first argued that his claims did not accrue until January 24, 2021 because he and Evelyn were not released from the hospital until after

midnight (*id.* at 1). However, Corley presented no evidence supporting that assertion. Corley next argued that his claims were timely in any event, even if they did accrue on January 23, 2021, because he filed his complaint at 11:50 p.m. on January 23, 2024—exactly three years after the alleged unlawful imprisonment (*id.* at 2).

To support that argument, Corley attached two emails to his opposition papers. One was an email that he sent to the Southern District's Pro Se Intake Unit at 12:17 a.m. on January 24, 2024—three years and one day after the alleged unlawful imprisonment—attaching the complaint in this case (S.D.N.Y. Dkt. 53 at 7). The other was an "[a]utomatic reply" email that Corley *received* from the Pro Se Intake Unit on January 23, 2024 at 11:50 p.m. (*id.* at 5). It stated "[y]our *email* has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York" (*id.* (emphasis added)). Corley did not share with the court the email that the automatic reply was responding to. And Corley did not attach any other documents indicating that he emailed the complaint to the district court *before* 12:17 a.m. on January 24, 2024. Finally, Corley asserted—without any further analysis, explanation, or argument—that he was entitled to equitable tolling (*id.* at 2).

On reply, the Mt. Sinai defendants attached a document titled "Departure Against Medical Advice"—signed by Evelyn and a Mt. Sinai doctor—indicating that Evelyn and Corley left the hospital at 7:00 p.m. on January 23, 2021 (S.D.N.Y. Dkt. 59-1 at 2), not after midnight, as Corley had claimed. Corley later sought permission to file a sur-reply (S.D.N.Y. Dkt. 62), which the district court denied (S.D.N.Y. Dkt. 63).

### D. The district court's order dismissing all of Corley's claims as untimely

In January 2025, the district court granted defendants' motions and dismissed all of Corley's claims as untimely (S.D.N.Y. Dkt. 64 at 3). To start, the court held that Corley's section 1983 and 1985 claims were subject to a three-year statute of limitations, while his section 1986 claim was subject to a one-year limitation period (*id.* at 3-5). And the court concluded that those claims accrued on January 23, 2021, since Corley's complaint "unambiguously states that the relevant harm occurred" on that date, and since Mt. Sinai's records confirmed that Corley and Evelyn were discharged on that date (*id.* at 4).

Next, the court held that the evidence "unambiguously demonstrates that [Corley] filed his Complaint on January 24, 2024, and not on January 23, 2024" (S.D.N.Y. Dkt. 64 at 4-5). The court pointed out that the January 23, 2024 email Corley attached "contains

no mention of a complaint having been submitted," and instead shows only "that an automated reply was sent [at 11:50 p.m.] acknowledging that the Court received an email from Plaintiff" (*id.* at 4). By contrast, the January 24, 2024 email Corley attached "show[s] the Complaint attached, which confirms the date of case initiation that is publicly reflected on the docket" (*id.*). Thus, the court held that Corley's federal claims were untimely and "must be dismissed" (*id.* at 5). The court reached the same conclusion for the negligent infliction of emotional distress claim, which had "at most" a three-year statute of limitations (*id.*).

The district court also held that Corley was not entitled to equitable tolling, since he did not "allege[] that any extraordinary circumstance stood in his way of timely filing the Complaint nor that he diligently pursued his rights" (S.D.N.Y. Dkt. 64 at 6). Indeed, the court noted that Corley provided "[n]o explanation" at all for his delay in filing the complaint (*id.*). Finally, the court declined to exercise supplemental jurisdiction over the products liability claim against Rantab Enterprises (*id.* at 6-7).

On the same day that the district court dismissed all of Corley's remaining claims (S.D.N.Y. Dkt. 64), it also entered final judgment (S.D.N.Y. Dkt. 65). After final judgment was entered, Corley filed a

notice of appeal in which he sought to appeal from the district court's order dismissing the claims of the Estate of D.B.Y. (S.D.N.Y. Dkt. 8) as well as the order dismissing all remaining claims (S.D.N.Y. Dkt. 64).

## SUMMARY OF ARGUMENT

This Court reviews de novo the grant of a motion to dismiss for failure to state a claim, including the district court's application and interpretation of a statute of limitations. *See Deutsche Bank Nat'l Trust Co. v. Quicken Loans Inc.*, 810 F.3d 861, 865 (2d Cir. 2015); *City of Pontiac Gen. Employees' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011). For purposes of that review, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Gamma Traders - I LLC v. Merrill Lynch Commodities, Inc.*, 41 F.4th 71, 77 (2d Cir. 2022). And when a district court "determines that equitable tolling is inappropriate," this Court "review[s] the legal premises for that conclusion *de novo*, the factual bases for clear error, and the ultimate decision for abuse of discretion." *Doe v. United States*, 76 F.4th 64, 70 (2d Cir. 2023).

Here, the district court properly dismissed Corley's claims as untimely and providently determined that Corley was not entitled to equitable tolling. All of Corley's claims accrued on January 23, 2021— the date that Corley and Evelyn alleged in their complaint that they

10

were unlawfully imprisoned. So, since the statute of limitation for Corley's claims was at most three years, Corley was required to deliver his complaint to the clerk's office no later than January 23, 2024. Corley's own evidence, however, showed that he emailed his complaint to the clerk's office at 12:17 a.m. on January 24, 2024. And although Corley presented evidence that he received an "automatic reply" email from the clerk's office at 11:50 p.m. on January 23, that email doesn't show that Corley delivered his complaint to the clerk's office before January 24. Indeed, Corley never bothered to provide the court with a copy of the email he sent that prompted the court's "automatic reply" email. Since Corley's own evidence unambiguously showed that he emailed his complaint to the clerk's office on January 24, 2024, all of his claims are untimely.

Corley has failed to establish that he is entitled to the extraordinary remedy of equitable tolling. He did not present any evidence that he was pursuing his rights diligently and that some extraordinary circumstance stood in the way of timely filing. Waiting until the last possible minute to file a complaint is not diligent, and missing the deadline as a result is not an extraordinary circumstance. And, without that kind of evidence, the district court lacked discretion to grant equitable tolling.

Finally, this Court does not need to reach the issue of whether the district court properly dismissed the claims of the Estate of D.B.Y. because the estate's claims are untimely for the same reasons that Corley's claims are untimely. In any event, the district court correctly denied Corley's request to represent the estate pro se and dismissed the claims without prejudice to them being refiled by an attorney. When there are multiple survivors to a deceased's estate, claims cannot be asserted by any one of those survivors, collectively or individually, on behalf of the estate pro se. And here, even assuming that New York law would recognize the estate of a miscarried fetus, both Corley and Evelyn were survivors of the Estate of D.B.Y. So, the district court correctly concluded that neither parent could represent the estate. For that same reason, the district court did not abuse its discretion in denying Corley's motion to appoint pro bono counsel for the estate. The district court had already dismissed the estate's claims at the time Corley made his motion, and Corley lacked standing to make applications on behalf of the estate.

## ARGUMENT

## POINT I

## THE DISTRICT COURT CORRECTLY DISMISSED CORLEY'S CLAIMS AS UNTIMELY

A motion to dismiss may be granted on statute of limitations grounds "if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015). Here, as the district court correctly concluded (S.D.N.Y. Dkt. 64 at 4-5), all of Corley's claims are untimely because he filed this lawsuit on January 24, 2024—three years and one day after the date that he alleged his claims accrued. And Corley has not proved that this is the "rare and exceptional circumstance[]" that justifies the "drastic remedy" of equitable tolling. *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011).

### A. Corley's own allegations and evidence establish that he filed this lawsuit one day after the statute of limitations expired.

Corley's claims under 42 U.S.C. §§ 1983 and 1985 are governed by a three-year statute of limitations. *See Kane v. Mt. Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 104 (2d Cir. 2023); *Barnes v. City of N.Y.*, 68 F.4th 123, 127 (2d Cir. 2023). So too for his negligent infliction of

emotional distress claim. *See Kramer v. Meridian Capital Grp., LLC*, 201 A.D.3d 909, 912 (2d Dep't 2022). Corley's 42 U.S.C. § 1986 claim, by contrast, is governed by a one-year statute of limitations. *See Paige v. Police Dep't*, 264 F.3d 197, 199 n.2 (2d Cir. 2001).

All of those claims accrued, at the latest, on January 23, 2021—the date that Corley and Evelyn allege they were unlawfully imprisoned by Mt. Sinai staff and the NYPD (*see* Dkt. 1 at 7-8). *See, e.g.*, *Wallace v. Kato*, 549 U.S. 384, 389 (2007) (unlawful imprisonment claim accrues when the imprisonment ends); *Barnes*, 68 F.4th at 127 ("[C]laims brought under §§ 1983 and 1985 typically accrue when the plaintiff knows or has reason to know of the injury which is the basis of his action." (quotation marks omitted)); *Dixon v. City of N.Y.*, 76 A.D.3d 1043, 1044 (2d Dep't 2010) (negligent infliction of emotional distress claim accrues "at the time the plaintiffs became aware of the defendants' actions and suffered mental anguish as a result").

Corley argues that his claims did not accrue until January 24, 2021 because, based on his "recollection," he was not allowed to leave the hospital until sometime after midnight (Brief for Appellant ("App. Br.") 8). But Corley presented no evidence to support that assertion. And, as the district court rightly noted (S.D.N.Y. Dkt. 64 at 4), that assertion was flatly contradicted by Corley's own complaint, which

14

states that the alleged unlawful imprisonment occurred "[o]n January 23, 2021" (S.D.N.Y. Dkt. 1 at 7). What's more, Mt. Sinai's records confirm that Corley and Evelyn were released from the hospital at around 7:00 p.m. on January 23, 2021 (S.D.N.Y. Dkt. 59-1 at 2).

Corley's further argument that the district court should have "grant[ed] discovery," held "an evidentiary hearing," or allowed him to file a sur-reply on this issue is meritless (App. Br. 8). Again, Corley's own complaint alleged that the unlawful imprisonment occurred "[o]n January 23, 2021" (S.D.N.Y. Dkt. 1 at 7). And when Corley opposed the defendants' motions to dismiss, he did not identify any evidence that he was actually detained until January 24, 2021 (*see generally* S.D.N.Y. Dkt. 53). So too when he sought permission to file a sur-reply (S.D.N.Y. Dkt. 62). Since Corley was not "prevented from making" any arguments nor "barred from introducing" any evidence, the district court did not abuse its discretion in declining to allow "additional discovery or sur-reply papers." *Albany Ins. Co. v. Banco Mexicano, S.A.*, No. 98-9531, 1999 U.S. App. LEXIS 14987, *12-13 (2d Cir. July 2, 1999).

So, because Corley's claims accrued on January 23, 2021, his section 1986 claim is undisputedly untimely—by over two years. And all of his other claims are also untimely—by one day—because the

15

district court did not receive a copy of Corley's pro se complaint until January 24, 2024 (*see* S.D.N.Y. Dkt. 1). *See Toliver v. Cty. of Sullivan*, 841 F.2d 41, 42 (2d Cir. 1988) (complaint timely if it "was received by the clerk's office prior to the expiration of the limitations period"); *accord Zerilli-Edelglass v. N.Y. City Transit Auth.*, 333 F.3d 74, 78 (2d Cir. 2003); *Friedman v. Swiss Re Am. Holding Corp.*, 512 F. App'x 94, 96 (2d Cir. 2013).[4] Indeed, Corley's own evidence shows that he emailed the complaint to the district court on January 24, 2024 at 12:17 a.m.—one day after the expiration of the statute of limitations (S.D.N.Y. Dkt. 53 at 7).

The court's "automatic reply" email from 11:50 p.m. on January 23, 2024 (S.D.N.Y. Dkt. 53 at 5), does not help Corley, despite his argument to the contrary (App. Br. 7). As the district court correctly noted, that email is nothing more than an "automated response from the Court's Temporary Pro Se Filing NYSD email" (S.D.N.Y. Dkt. 64 at 4). It "only shows that an automated reply was sent acknowledging

---

[4] Under Federal Rule of Civil Procedure 5(d)(2), a "paper not filed electronically is filed by delivering it ... to the clerk." And when a court's local rules allow a party "to e-mail the complaint to the court clerk to open an electronic case file"—as is the case for pro se parties in the U.S. District Court for the Southern District of New York, *see* Electronic Case Filing Rules & Instructions, Appendix C (July 24, 2023 ed.), https://perma.cc/C4LD-N7Y6—"the e-mail submission of the complaint 'delivers' it to the clerk, as required to commence a civil action under the Federal Rules of Civil Procedure." *Farley v. Koepp*, 788 F.3d 681, 684 (7th Cir. 2015).

that the Court received an email from Plaintiff" (*id.*). And it "contains no mention of a complaint having been submitted" (*id.*). Crucially, despite being given an opportunity to do so, Corley never disclosed the email he sent that prompted the 11:50 p.m. automatic reply, which could have supported his assertion that the complaint was attached. Thus, as the district court correctly recognized, the evidence "unambiguously demonstrates that [Corley] filed his Complaint on January 24, 2024, and not on January 23, 2024" (*id.* at 4-5).

True, in at least one instance, this Court has reversed a district court's order dismissing a pro se complaint on timeliness grounds to give the pro se plaintiff an opportunity to prove that his complaint was timely. *See Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir. 1989). But in that case, the magistrate judge merely "examin[ed] files in the pro se office" to determine whether the complaint was timely, rather than give the pro se plaintiff—who was incarcerated at the time—"reasonable opportunity to present all material pertinent to the statute of limitations issue." *Id.* at 147-48 (cleaned up). What's more, the plaintiff in *Ortiz* submitted two documents on appeal that left "no doubt," according to this Court, that he "had documentary evidence supporting his version of the facts." *Id.* at 149. Here, unlike the magistrate judge in *Ortiz*, the district court gave Corley almost two

17

months to collect evidence that would prove that he timely filed his complaint (*see* S.D.N.Y. Dkt. 48). At the end of those two months, the only evidence Corley presented "unambiguously demonstrate[d]" that the complaint was untimely (S.D.N.Y. Dkt. 64 at 4-5).

Since Corley's complaint was not "received by the clerk's office prior to the expiration of the limitations period," his claims are all untimely. *Friedman*, 512 F. App'x at 96; *see Evans v. N.Y. City Dep't of Educ.*, No. 23-8119, 2024 U.S. App. LEXIS 26043, at *5 (2d Cir. Oct. 16, 2024) ("[I]n the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day.").

### B. Corley did not prove that he was entitled to equitable tolling.

The district court also providently exercised its discretion in declining to toll the statute of limitations on equitable grounds, since Corley made no effort to establish the two predicates for granting this extraordinary relief.

"Equitable tolling is a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000); *see also Doe*, 76 F.4th at 71. Granting equitable tolling is a discretionary "exercise of a court's equity powers." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

However, "[b]efore a court may exercise discretion to grant equitable tolling, a litigant must demonstrate as a factual matter the existence of two elements: first, that some extraordinary circumstance stood in [his] way and second that [he] has been pursuing [his] rights diligently." *Doe*, 76 F.4th at 71 (cleaned up); *accord Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021).

Corley has demonstrated neither element, as the district court correctly recognized (S.D.N.Y. Dkt. 64 at 5-6). In a single sentence, Corley claims that he acted "diligen[tly] in attempting to file the Complaint on January 23, 2021," but was stymied by a "clerical error," which "cause[d] him to file a correction to the complaint less than 30 minutes later" (App. Br. 8). But waiting until the last possible minute to file a complaint is not acting diligently. *See, e.g.*, *Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 82 (2d Cir. 2019); *Joye v. Sec'y Dep't of Navy*, 736 F. App'x 861, 864 (11th Cir. 2018).

And a "clerical error" does not count as the type of extraordinary circumstance that would warrant equitable tolling. *See, e.g.*, *Holland*, 560 U.S. at 651-52 ("[A] garden variety claim of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." (cleaned up)); *Clemente v. Lee*, 72 F.4th 466, 478 (2d Cir. 2023) ("[A]ttorney error,

19

miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). That Corley was proceeding pro se makes no difference, *see Watson v. United States*, 865 F.3d 123, 133 (2d Cir. 2017) ("[n]or can equitable tolling be premised on" plaintiff's "pro se status"), so Corley's assertion that the district court was "obliged to construe his pleadings liberally" gets him nowhere (App. Br. 8).

In short, since all of Corley's claims are untimely, and since he failed to prove that he was entitled to equitable tolling, the district court properly dismissed the complaint.

## POINT II

### THE DISTRICT COURT PROPERLY DISMISSED THE CLAIMS BROUGHT ON BEHALF OF THE ESTATE OF D.B.Y.

On appeal, Corley also challenges the district court's February 2024 sua sponte order dismissing the claims of the Estate of D.B.Y. (App. Br. 9).[5] This Court does not need to reach that issue to affirm

---

[5] Though Corley did not appeal from the district court's final judgment, the City does not dispute that Corley can challenge this interlocutory order on appeal, since Corley's notice of appeal identified both the February 2024 order dismissing the claims of the estate and the January 2025 order dismissing all of Corley's claims as untimely. *See Collymore v. Myers*, 74 F.4th 22, 27 (2d Cir. 2023) ("Rule 3 of [FRAP] provides that 'a notice of appeal encompasses the final judgment ... if the

*(cont'd on next page)*

because all of the estate's claims are untimely for the same reasons that Corley's claims are untimely (*see supra* at 13-18). What's more, it is not even clear that the estate of an unborn child can assert the types of claims alleged in this complaint. *See, e.g.*, *Endresz v. Friedberg*, 24 N.Y.2d 478, 485-86 (1969) (stating that "there is but a conditional prospective liability ... created when an unborn child ... is injured through the wrongful act of the defendant, and such liability attaches only" if the child is "born alive" (cleaned up)); *Maher v. Yoon*, 297 A.D.2d 361, 361 (2d Dep't 2002) ("The law in this state is well settled that no cause of action lies to recover damages on behalf of a stillborn fetus.").

In any event, Corley's arguments are meritless. When there are multiple survivors of a deceased's estate, claims cannot be asserted by any one of those survivors, collectively or individually, on behalf of the estate pro se. *See Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 893 (2d Cir. 2019); *Guest v. Hansen*, 603 F.3d 15, 20-21 (2d Cir. 2010). That is because, "[u]nder such circumstances, an action cannot be described as the litigant's own, because the personal interests of the estate, other

---

notice designates ... an order that adjudicates all remaining claims and the rights and liabilities of all remaining parties' ... And of course, an appeal from a final judgment allows appeal of all prior interlocutory orders").

survivors, and possible creditors ... will be affected by the outcome of the proceedings." *Iannacone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998).

Here, there are at least two survivors of the Estate of D.B.Y.—Corley and his wife Evelyn—so Corley cannot represent the estate pro se. *See, e.g.*, *Clark v. Santander Bank, N.A.*, 122 F.4th 56, 60 (2d Cir. 2024) (no error in denying motion to proceed pro se where the estate had beneficiaries and creditors other than the pro se plaintiff). That Evelyn has been dismissed from the case makes no difference, despite Corley's argument to the contrary (App. Br. 9), because Evelyn is still a survivor and beneficiary of the estate. Accordingly, since neither Corley nor Evelyn could represent the estate pro se, the district court properly dismissed the estate's claims "without prejudice to such claims being reasserted in this action, or in a separate civil action, by an attorney representing that estate" (S.D.N.Y. Dkt. 8 at 4).

Finally, Corley complains that the district court "ignored" his request to appoint pro bono counsel for the Estate of D.B.Y. (App. Br. 9). But the district correctly considered and rejected that request (*see* S.D.N.Y. Dkt. 42 at 2) since (1) the court had already dismissed the estate's claims, and (2) Corley lacked standing to make applications on behalf of the estate. *See Iannacone*, 142 F.3d at 558 ("[B]ecause pro se

22

means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

## CONCLUSION

This Court should affirm the district court's order and final judgment.

Dated:  New York, New York
April 30, 2025

Respectfully submitted,

MURIEL GOODE-TRUFANT
*Corporation Counsel*
*of the City of New York*
Attorney for City Appellees

By: _____

PHILIP W. YOUNG
Assistant Corporation Counsel

100 Church Street
New York, New York 10007
(212) 356-2375
phyoung@law.nyc.gov

CLAUDE S. PLATTON
PHILIP W. YOUNG
*of Counsel*

23

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief was prepared using Microsoft Word, and according to that software, it contains 4,979 words, not including the table of contents, table of authorities, this certificate, and the cover.

_____
PHILIP W. YOUNG